WICKER, J.,
dissents with reason.
hi respectfully dissent for the reasons assigned.
In this case, the trial court found that Nancy had complied with the spirit of the obligation. Thus, the court relied on the rules of equity in failing to hold her in contempt.
A court may proceed according to equity only when no rule for a particular situation can be derived from legislation or custom. Wooley V. Lucksinger, 06-1167, 06-1168, 06-1169, p. 12 (La.App. 1 Cir. 5/4/07), 961 So.2d 1228, 1236 n. 10; La. C.C. art. 4. (citation omitted). The October 23, 2001 Consent Judgment that was signed by the trial court and both parties became a legal judgment. As a final, valid judgment, the agreement may be punished by contempt. In re Jones, 10-66 p. 22 (La.App. 5 Cir. 11/9/10), 54 So.3d 54, 68. (citation omitted) (emphasis added). Because a legal remedy exists for willful disobedience of a court order, the trial judge erred by relying on equity to deny the motion.
To find a person guilty of constructive contempt, however, it is necessary to find that he violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. Jones, supra, at 67; Brunet v. Magnolia Quarterboats, Inc., 97-187 (La.App. 5 Cir.3/11/98), 711 So.2d 308, writ denied, 98-0990 (La.5/29/98), 720 So.2d 343.
In New v. New, 93-702 (La.App. 5 Cir. 1/25/94), 631 So.2d 1183, this Court held that the trial court erred by applying equity to find the husband in contempt, further holding that the husband did not willfully disobey the court order. In New, the parties had a consent judgment wherein the husband agreed to pay $600 per month in child support. He then unilaterally decided to pay the $600 house note of the family home in lieu of child support. In New, this court held, “we do not find an unjustified failure in the present case, as it appears Mr. New did not willfully disobey the court order with the requisite intent to disobey.” Id. at 1188.
New is distinguishable from the present case in one main regard. In New, there was evidence in the record to show that the husband actually paid the house note. *427 In this case, however, no such evidence was presented. Although it is undisputed that Nancy did not deposit the $24,000 into the bank account, no evidence was introduced to support her contention that she paid the other expenses. No witnesses testified, and the only statements made were the arguments of counsel.
The burden of proof for civil contempt is by a preponderance of the evidence. Jones, supra, at 67. It cannot be discerned from the record, whether Nancy intentionally, knowingly and purposefully, without justifiable excuse, violated the terms of the consent judgment. The court should have given Manuel the opportunity to meet this burden. Therefore, I would remand the case for an evidentiary hearing to allow Manuel to call his witnesses. Only after hearing the | (¡testimony and reviewing any evidence introduced into the record would the trial court have a legal foundation upon which to base a decision.